**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| JOHN 8 VERSE 7 VENTURES, LLC, the real party in interest identified in the USPTO record by the mistaken designation JOHN 7 VERSE 7 VENTURES LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION HEALTH TECHNOLOGIES, LLC,<br><br>Defendant. | Civil Action No. ___________<br><br>COMPLAINT FOR REVIEW OF TTAB DECISION, TRADEMARK INFRINGEMENT, AND FALSE DESIGNATION OF ORIGIN<br><br>JURY TRIAL DEMANDED |

Plaintiff John 8 Verse 7 Ventures, LLC brings this timely civil action under 15 U.S.C. § 1071(b) for review of the July 30, 2026 final decision of the Trademark Trial and Appeal Board in Cancellation No. 92089356. Plaintiff also seeks relief from Defendant's continued commercial use of GI-REGAIN, a designation the USPTO refused under Section 2(d) based on Plaintiff's RE-GAIN RX registration.

**PARTIES**

**1.**

Plaintiff John 8 Verse 7 Ventures, LLC is a Georgia limited liability company located at 4741 Quailwood Drive, Flowery Branch, Hall County, Georgia 30542.

**2.**

The application and registration at issue identify the owner as John 7 Verse 7 Ventures LLC. Plaintiff alleged before the Board that this designation was a scrivener's error and that John 8 Verse 7 Ventures, LLC is the actual Georgia entity, owner, respondent, and party in interest adversely affected by the decision.

**3.**

Defendant Precision Health Technologies, LLC is a Minnesota limited liability company with its principal place of business at 362 Oxford Street, Suite 3, Worthington, Minnesota 56187.

## JURISDICTION AND VENUE

**4.**

This Court has subject-matter jurisdiction under 15 U.S.C. §§ 1071(b) and 1121 and 28 U.S.C. §§ 1331 and 1338(a), and may grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

**5.**

The July 30, 2026 Board decision is an adverse inter partes decision. No Federal Circuit appeal has been taken. This action is commenced within the 63-day period prescribed by 37 C.F.R. § 2.145(d).

**6.**

Defendant operates an interactive commercial website through which it advertises, offers for sale, and accepts direct orders for GI-REGAIN products. The online store is commercially available to Georgia consumers, including consumers in this District.

**7.**

On information and belief, Defendant markets, offers, and distributes GI-REGAIN products in interstate commerce with the intention that the products be purchased throughout the United States, including Georgia. Defendant's challenged commercial conduct reaches this District and threatens confusion and injury to Plaintiff at its Hall County business.

**8.**

Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the challenged online offers, threatened confusion, and injury occurred or will occur in this District. Alternatively, if the Court concludes venue is lacking, Plaintiff requests transfer rather than dismissal under 28 U.S.C. §§ 1404(a) or 1406(a).

**9.**

Defendant is subject to personal jurisdiction because it purposefully operates an interactive nationwide sales channel that offers the accused products to Georgia consumers and the claims arise from those commercial contacts. Plaintiff will

establish the nature and extent of Georgia transactions through jurisdictional discovery.

**RE GAIN RX AND GI REGAIN**

**10.**

The application that matured into U.S. Registration No. 7,434,855 was filed on December 22, 2022 for the RE-GAIN RX composite mark for nutritional supplements in International Class 5.

**11.**

The USPTO issued Registration No. 7,434,855 on July 2, 2024. The registration claimed first use and first use in commerce as of January 3, 2024.

**12.**

Plaintiff alleges that it adopted and used RE-GAIN RX in lawful interstate commerce before Defendant acquired enforceable rights in GI-REGAIN and that Plaintiff has not abandoned its mark.

**13.**

Defendant filed Application Serial No. 98/493,182 on April 10, 2024 for GI-REGAIN for digestive-health dietary supplements for livestock and poultry.

**14.**

The USPTO refused the GI-REGAIN application under Section 2(d) because of a likelihood of confusion with Registration No. 7,434,855 and made that refusal final on March 4, 2025.

**15.**

Defendant nevertheless continues to use GI-REGAIN in commerce. Defendant's online store currently offers GI-ReGain products for direct purchase and describes at least one GI-ReGain product as having been previously named GI-Revive.

**16.**

On information and belief, Defendant has continuously used GI-REGAIN in commerce since at least 2024. At a minimum, Defendant judicially admitted in its August 29, 2025 cancellation petition that it had begun using GI-REGAIN in commerce and had engaged in marketing and advertising under that designation.

**17.**

RE-GAIN RX and GI-REGAIN share the dominant term REGAIN and are used for nutritional or dietary supplement products. Defendant's use is likely to cause confusion, mistake, or deception concerning source, affiliation, sponsorship, or approval.

**18.**

Defendant knew of Plaintiff's registration and claimed rights no later than the USPTO's Section 2(d) refusal and the cancellation proceeding, but did not cease the challenged commercial use.

**19.**

Defendant's continued use after actual notice has prolonged and aggravated the threatened confusion, delayed or impaired Plaintiff's ability to launch and expand RE-GAIN RX, and deprived Plaintiff of control over the reputation and goodwill associated with its mark.

**20.**

Defendant has had repeated opportunities to adopt a nonconfusing designation, including after the USPTO refusal, but continues to advertise and sell GI-REGAIN. Plaintiff alleges that this post-notice conduct is knowing and supports enhanced equitable and monetary relief to the extent proven.

## CANCELLATION PROCEEDING

**21.**

Defendant filed Cancellation No. 92089356 on August 29, 2025, alleging nonuse, lack of bona fide intent, abandonment, an ownership defect, and unlawful use. Plaintiff answered on October 8, 2025 and denied the cancellation grounds.

**22.**

Defendant moved to compel discovery on April 9, 2026. On May 12, 2026, the Board granted the motion as conceded and ordered complete responses and production within 30 days.

**23.**

Defendant moved for discovery sanctions on June 23, 2026. No opposition was filed. On July 30, 2026, the Board granted that motion as conceded, entered judgment, and directed cancellation of Registration No. 7,434,855.

**24.**

The Board did not adjudicate the pleaded cancellation grounds on their merits and did not conduct an evidentiary trial on Plaintiff's use, intent, abandonment, ownership, or lawfulness.

**25.**

Plaintiff intends to present additional evidence concerning the discovery history, the merits, cure, prejudice, willfulness, and the availability of lesser sanctions.

**COUNT ONE CIVIL ACTION UNDER 15 USC 1071 B**

**26.**

Plaintiff incorporates paragraphs 1 through 25.

**27.**

Plaintiff is authorized to seek review because it is the real party in interest that participated as respondent through the mistaken entity designation and is adversely affected by the final decision.

**28.**

Section 1071(b) authorizes this Court to consider additional evidence and adjudge whether Registration No. 7,434,855 should remain canceled or should be restored.

**29.**

The complete evidence will establish meritorious defenses and permit the Court to determine that a lesser remedy adequately addresses any discovery failure.

**30.**

Plaintiff is entitled to reversal, vacatur, or modification of the July 30 decision and an order directing restoration of the registration.

**COUNT TWO REGISTERED TRADEMARK INFRINGEMENT**
**15 USC 1114**

**31.**

Plaintiff incorporates paragraphs 1 through 30.

**32.**

During the period Registration No. 7,434,855 was in force, and upon its restoration, Plaintiff possessed the statutory rights afforded to the registrant, subject to proven defenses.

**33.**

Without Plaintiff's consent, Defendant used GI-REGAIN in commerce in connection with the sale, offering for sale, distribution, and advertising of dietary or nutritional supplements.

**34.**

Defendant's use is likely to cause confusion, mistake, or deception and has damaged or threatens to damage Plaintiff.

**35.**

Defendant's infringement is continuing. Defendant persisted after actual notice from the USPTO refusal, Plaintiff's registration, and the parties' cancellation proceeding and has not abated its online advertising, offers for sale, or sales under GI-REGAIN.

**36.**

Defendant's knowing continuation of the accused use supports injunctive relief, an accounting of profits, damages proved in discovery, and a finding of exceptionality to the extent permitted by 15 U.S.C. § 1117.

**COUNT THREE FALSE DESIGNATION OF ORIGIN 15 USC 1125 A**

**37.**

Plaintiff incorporates paragraphs 1 through 36.

**38.**

Plaintiff's lawful prior use created protectable common-law rights in RE-GAIN RX.

**39.**

Defendant's use of GI-REGAIN in interstate commerce is likely to cause confusion as to affiliation, connection, association, origin, sponsorship, or approval.

**40.**

Defendant's conduct has caused or threatens injury to Plaintiff's launch, expansion, sales, goodwill, and control over its commercial identity.

**41.**

The false designation is continuing and remains commercially available through Defendant's online store despite repeated notice of Plaintiff's prior claimed rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

**A.** reverse, vacate, or modify the Board's July 30, 2026 judgment and direct restoration of Registration No. 7,434,855;

**B.** declare Plaintiff's ownership, validity, priority, and right to use RE-GAIN RX as established by the evidence;

**C.** preliminarily and permanently enjoin Defendant from actionable use of GI-REGAIN or another confusingly similar designation;

**D.** order appropriate corrective and destruction relief under 15 U.S.C. § 1118;

**E.** award Defendant's profits, Plaintiff's proven damages, costs, and interest under 15 U.S.C. § 1117;

**F.** award reasonable attorney's fees if the Court finds the case exceptional; and

**G.** grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## COMPLIANCE WITH LR 5.1

Counsel certifies that this pleading was prepared in Times New Roman 14-point font and complies with the formatting requirements of LR 5.1, NDGa.

Respectfully submitted this 1st day of October 2026

HONORÉ LAW, LLC
*/s/ Alcide L. Honoré*
Alcide L. Honoré, Esq.
Georgia Bar No. 012608
675 Ponce de Leon Avenue NE, Suite NE223
Atlanta, Georgia 30308
Telephone: 678-888-4637
Email: ahonore@honorelaw.com
Counsel for Plaintiff